Filed 7/8/26  P. v. Venson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B344271 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XCNBA140055) |
| v. | |
| CLIFFORD ALLAN VENSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge. Reversed and remanded with directions.

Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Clifford Allan Venson appeals from the trial court's order summarily denying his petition for resentencing under Penal Code section 1170.91.[1] Because the court did not follow the required procedures for adjudicating the petition, we reverse and remand for further proceedings. We also direct the superior court to correct a clerical error in the abstract of judgment.

## BACKGROUND

In 1997, a jury found Venson guilty of unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a)) and evading an officer (Veh. Code, § 2800.2) and found true that he had three prior convictions constituting "strikes" under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12). He was sentenced to 25 years to life. This court affirmed the judgment on direct appeal. (*People v. Venson* (Feb. 26, 1998, B111731) [nonpub. opn.].)

On January 17, 2025, Venson filed a petition requesting, among other things, to be resentenced pursuant to section 1170.91, which allows individuals convicted of some felonies to seek recall and resentencing so that certain mitigating factors related to military service can be considered. He alleged his "prior service within the military [and] his service related mental health issues were not considered during sentencing [and] qualif[ied] as newly discovered evidence to support resentencing [under section] 1170.91." In support of his petition, Venson attached documents from the National Personnel Records Center and Department of Veterans Affairs that indicated he is a veteran.

On February 3, 2025, with no parties present, the trial court summarily denied Venson's petition.

---

[1]     Undesignated statutory references are to the Penal Code.

2

Venson timely appealed.

## DISCUSSION

**I.  The Trial Court Erred by Summarily Denying Venson's Request for Resentencing Under Section 1170.91 Without Holding a Public Hearing to Determine His Eligibility and Suitability**

**A.  Standard of Review and Relevant Law**

We interpret the requirements of section 1170.91 de novo. (*People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 237 (*Bonilla-Bray*).)

Section 1170.91, subdivision (b)(1) states: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in the case, to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing."

Upon receiving a section 1170.91 petition for resentencing, the trial court must hold "a public hearing" to determine whether the defendant satisfies the statutory criteria for relief. (*Id.*, subd. (b)(3).) The prosecution, the defense, and any victim must be given at least 15 days' notice of the hearing. (*Ibid.*) "At that hearing, the prosecution shall have an opportunity to be heard on the [defendant]'s eligibility and suitability for resentencing." (*Ibid.*)

3

If the trial court finds the defendant satisfies the criteria for relief, "the court may, in the interest of justice," do either of the following: (1) "[r]educe the defendant's term of imprisonment by modifying the sentence"; or (2) "[v]acate the conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment with the concurrence of both the defendant and the [prosecution]." (§ 1170.91, subd. (b)(3)(A)–(B).)

**B.    Analysis**

We agree with Venson that the trial court erred by denying his petition for resentencing without holding a properly noticed "public hearing" as required by section 1170.91, subdivision (b)(3).

Venson filed a facially sufficient petition under section 1170.91, subdivision (b) indicating that he served in the military and suffers from service-related mental health issues that were not considered by the trial court as mitigating factors at his initial sentencing.

Under section 1170.91, subdivision (b)(3), the trial court was thus obligated to hold "a public hearing" with at least 15 days' notice given to the prosecution, the defense, and any victim of Venson's crimes, where it could determine if he satisfied the statutory requirements for relief and, if so, whether resentencing was warranted. The court's denial of Venson's petition without holding such a hearing was improper.

*Bonilla-Bray* is instructive and supports reversal here. In that case, the defendant filed a petition alleging he met the statutory requirements under section 1170.91, subdivision (b). (*Bonilla-Bray*, *supra*, 49 Cal.App.5th at p. 239.) "Nevertheless, soon after receiving [the] defendant's petition, the [trial] court— with no parties present and no apparent notice to [the] defendant

4

or the prosecution—summarily denied [the] defendant's petition." (*Ibid.*) The Court of Appeal found the summary denial to be improper and reversed and remanded with directions for the trial court to hold a hearing. (*Id.* at pp. 236, 239.)

Resisting this conclusion, the People argue Venson is ineligible for resentencing under section 1170.91 because Venson is serving an indeterminate sentence and the statute does not apply to such sentences. The People would be correct under the pre-2022 version of the statute. As observed by the Court of Appeal in *People v. Estrada* (2020) 58 Cal.App.5th 839, the version of section 1170.91 that became effective in January 2019 expressly limited resentencing eligibility to those serving determinate sentences pursuant to section 1170, subdivision (b). (*Estrada*, at pp. 841–843.)

However, in 2022, the Legislature amended section 1170.91 to remove this limitation. (See Stats. 2022, ch. 721, § 1; see also *People v. Sherman* (2023) 91 Cal.App.5th 325, 330 ["In 2022, the Legislature amended [section 1170.91] again. [Citation.] The 2022 amendment . . . expanded subdivisions (a) and (b) to include those serving indeterminate sentences"]; *People v. Harrison* (2025) 116 Cal.App.5th 1145, 1154 [same].) Accordingly, that Venson is serving an indeterminate sentence does not make him ineligible for relief under section 1170.91.

## II. The Abstract of Judgment Must Be Corrected

As Venson points out, there is a clerical error in the abstract of judgment. It states Venson was convicted of grand theft of a vehicle pursuant to section 487h, subdivision (a), when in fact he was convicted of the lesser included offense of unlawful driving of a vehicle pursuant to Vehicle Code section 10851, subdivision (a). The People do not contest this. If not already done, the abstract of judgment must be amended to correct this error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The superior court's order summarily denying Venson's section 1170.91 petition is reversed. The case is remanded for the court to conduct a noticed public hearing in accordance with section 1170.91, subdivision (b)(3).

The superior court is directed to amend the abstract of judgment to correctly reflect that Venson was convicted of unlawful driving of a vehicle pursuant to Vehicle Code section 10851, subdivision (a). The court is further directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


RICHARDSON, J.

WE CONCUR:

CHAVEZ, Acting P. J.


GOORVITCH, J.

6